IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELVIN A. SCHUTTER                                                              PLAINTIFF

v.                                      NO. 4:06CV00379-WRW

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                                  DEFENDANT

## ORDER

Plaintiff appeals the Social Security Administration Commissioner's decision to deny his claim for Supplemental Security Income benefits.[1] Plaintiff challenges the Administrative Law Judge's ("ALJ") determination that he retained the residual functional capacity to perform sedentary work, and, therefore, was not disabled. Both parties have filed appeal briefs. In this judicial review, I must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.[2] For the reason below, the Commissioner's decision is affirmed.

I.      **Procedural Background**

Plaintiff filed his current application for Supplemental Social Security Income on September 24, 2002, claiming that he had been disabled since June 1, 2002 due to back pain.[3] His claim was denied initially and on reconsideration. A hearing was requested and held before an ALJ on August

---

[1] 42 U.S.C.A. § 1381a.

[2] 42 U.S.C. § 405(g).

[3] Tr. 15.

10, 2005.[4] The ALJ issued an unfavorable decision on October 21, 2005.[5] The Appeals Council declined review of the ALJ decision on February 11, 2006.[6] Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on March 37, 2006.[7]

## II. Summary of the Evidence

Plaintiff, born January 11, 1957, was 45 at the time of his application for Social Security Income benefits, which qualifies him as a "younger person."[8] He has a Bachelor of Science degree and relevant past work experience as a mortgage investor, air traffic controller, and director of marketing and sales.[9]

VA records from August 2002 to July 2004, document Plaintiff's continued efforts to stop abusing alcohol. One such attempt resulted in Plaintiff suffering a seizure and requiring hospitalization after he tried to quit "cold turkey."[10] In 2004, Dr. Richard Jordon reported that Plaintiff was smoking two packs of cigarettes a day and drinking about a half gallon of gin every

---

[4]Tr. 11.

[5]Tr. 15-20.

[6]Tr. 6-8.

[7]Doc. No. 2.

[8]20 C.F.R. § 404.1563(c) (defining younger person as someone under 50).

[9]*See* 20 C.F.R. § 404.1565.

[10]Tr. 170.

Page 2 of 9

three days. Plaintiff testified that he continues to abuse alcohol in an effort to manage pain.[11] Plaintiff has since been diagnosed with pulmonary emphysema.[12]

In May 2003, a lumbar spine x-ray revealed disc space narrowing, spurring, and a facet joint abnormality.[13] In June 2003, Plaintiff received physical therapy instruction for lower back pain.[14] In July 2003, Plaintiff is treated for low back pain and given trigger point injections.[15] In a note dated September 26, 2003, Dr. Mir writes that Plaintiff presents with continued low back pan that is moderate to severe in intensity and is "crippling for him."[16] An MRI revealed disk protrusions at L3-4 and L4-5 with congenital stenosis at those levels, aggravated by facet arthritis and an annular bulge. In November 2003, Plaintiff was given a steroid dose pack to alleviate inflammation.[17] In December 2003, Dr. Mir noted that Plaintiff had "severe spinal canal stenosis."[18]

---

[11] Tr. 43.

[12] Tr. 451.

[13] Tr. 15..

[14] Tr. 278.

[15] Tr. 280.

[16] Tr. 270.

[17] Tr. 264.

[18] Tr. 246, WebMd, http://www.webmd.com/back-pin/tc/Lumbar-Spinal-Stenosis-Topic-Overview - "Spinal stenosis is narrowing of the spinal canal that occurs when excessive growth of bone and/or tissue reduces the size of the openings in the spinal bone . . . This may cause pain, numbness, or weakness, most often in the legs, feet, and buttocks."

A functional capacity test was performed on March 30, 2004.[19] Plaintiff was found to be able occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, and stand, walk, or sit for up to six hours in an eight hour day.[20]

In February 2004, a VA staff Neurologist found a "focal demyelinative neuropathy of the right peroneal nerve at the fibular head, consistent with compression neuropathy."[21] Plaintiff had surgery to relieve the pain from spinal stenosis in March 2004. In July 2004, Dr. Mir determined that Plaintiff was "permanently and totally disabled."[22] However, on May 12, 2005, Dr. Mir stated that Plaintiff was "permanently disabled to perform any physical labor."[23]

A psychiatric review was done in April 2005, in which Plaintiff's substance abuse was recognized, but his impairments were described as "not severe."[24] The test also showed that Plaintiff only suffered from mild restrictions in his daily activities and ability to concentrate.[25]

### III. Standard of Review

The scope of review of an ALJ's decision is narrow.[26] The Commissioner's decision must be affirmed if it conforms to the law and is supported by substantial evidence on the record as a

---

[19]Tr. 146.

[20]Tr. 147.

[21]Tr. 243.

[22]Tr. 237.

[23]Tr. 477 (emphasis added).

[24]Tr. 156.

[25]Tr. 166.

[26]*Ellis v. Barnhart*, 392 F.3d 988, 993 (8th Cir. 2005); *Bailey v. Apfel*, 230 F.3d 1063, 1065 (8th Cir. 2000); 42 U.S.C. § 405(g).

whole.[27] Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision.[28]

Substantial evidence "on the record as a whole" requires consideration of the record in its entirety, taking into account both "evidence that detracts from the Commissioner's decision as well as evidence that supports it."[29] The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial."[30]

A balancing test is used to assess contradictory evidence,[31] but, the evidence presented to the ALJ, should not be re-weighed[32] or given a *de novo* review.[33] Instead, if, after reviewing the evidence, it is "possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the court] must affirm the [Commissioner's] decision."[34]

The burden rests with a claimant to prove his disability by establishing a physical or mental impairment lasting at least twelve months that prevents him from engaging in any substantial gainful

---

[27]*Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998).

[28]*Hunt v. Massanari*, 250 F.3d 622, 623 (8th Cir. 2001).

[29]*Cox v. Barnhart*, No. 06-2226, 2006 WL 3751503, *3 (8th Cir. Dec. 22, 2006).

[30]*Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003).

[31]*Sobania v. Secretary of Health & Human Serv.*, 879 F.2d 441, 444 (8th Cir.1989) (citing *Steadman v. S.E.C.*, 450 U.S. 91, 99 (1981)).

[32]*Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir.1995)).

[33]*Roe v. Chater*, 92 F.3d 672, 675 (8th Cir.1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).

[34]*Id*. (quoting *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir.1992).

activity.[35] A claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.[36]

Section 423(d) of the Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[37] A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."[38]

## IV. Discussion

The ALJ considered Plaintiff's impairments under the required five-step sequential evaluation process.[39] First, he found that Plaintiff had not engaged in substantial gainful activity since filing his application.[40] Next, the ALJ found that, based on the medical evidence, Plaintiff's degenerative

---

[35] *Baker v. Apfel*, 159 F.3d 1140, 1143 (8th Cir. 1998).

[36] *Anderson v. Apfel*, 996 F. Supp. 869 (E.D. Ark. 1998).

[37] 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.

[38] 42 U.S.C. § 432(d)(2)(A).

[39] 20 C.F.R. § 404.1520.

[40] Tr. 14.

disc disease with spinal stenosis and a history of alcohol abuse are "severe,"[41] but did not create an impairment or combination of impairments that met or equaled a listing.[42]

The fourth step required the ALJ to determine whether Plaintiff had sufficient residual functional capacity, despite his impairment, to perform his past work as an information service supervisor and a director of marketing and sales. Based on the above, the ALJ found that Plaintiff does not suffer from a "disability" as defined in the Social Security Act.[43]

Plaintiff argues that the ALJ erroneously disregarded his treating physician's opinions. Dr. Mir was Plaintiff's primary care physician at the VA hospital, where Plaintiff received the majority of his treatment. The ALJ discounted Dr. Mir's opinions for the following reasons: (1) his opinions were not supported by clinical findings or on the evidence as a whole, (2) Dr. Mir failed to show that Plaintiff has a serious motor or neurological deficit or any evidence of atrophy, (3) and Dr. Mir's statements were made as an accommodation to Plaintiff so that he could qualify for a disability policy he took out in connection with his car loan.[44] The ALJ also found that the overall evidence did not show that Plaintiff aggressively treated his pain.

Plaintiff next challenges the ALJ's assessment of his credibility. An ALJ may discredit subjective complaints of pain if they are inconsistent with the record as a whole.[45]

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations

---

[41] 20 C.F.R. § 416.920(c).

[42] Appendix 1, Subpart P, Regulations No. 4.

[43] Tr. 15, *see also* 20 C.F.R. §§ 404.1520(f) and 416.920(f).

[44] Tr. 18.

[45] *Barry v. Shalala*, 885 F. Supp. 1224, 1223 (N.D. Iowa 1995).

> by third parties and treating and examining physicians relating to such matters as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; 5) functional restrictions.[46]

The medical evidence does not support Plaintiff's subjective complaints, but supports the finding that Plaintiff could perform certain types of work.

The Commissioner notes that although Plaintiff alleged disability due to back pain, the majority of the treatment records provided pertained to his gastroesphogeal reflux disease ("GERD"),[47] drinking, and smoking. The ALJ considered Plaintiff's daily activities, which included taking care of his personal needs, shopping for groceries and clothes, banking, driving and cooking occasionally, paying bills, attending church, and watching t.v. Plaintiff also visits friends, goes fishing once a month, and has weekly dates with his girlfriend.

On doctor noted that Plaintiff quit work and was supporting himself through gambling.[48] Plaintiff's sporadic work history diminishes his credibility and demonstrates a lack of motivation to return to work.[49] The ALJ also considered Plaintiff's failure to follow treatment in determining his credibility. A failure to follow a recommended course of treatment also weighs against a claimant's credibility.[50]

---

[46]*Id.* (citing *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984)).

[47]*See* WebMD, http://www.webmd - GERD - "gastroesophageal reflux disease - a syndrome that permits retrograde flow of acidic gastric juice into the esophagus."

[48]Tr. 280.

[49]*See Ramirez v. Barnhart*, 292 F.3d 576 (8th Cir. 2002).

[50] *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

Taking the evidence as a whole, the ALJ had substantial evidence to make his findings. Although Dr. Mir once found Plaintiff completely disabled, in 2005, he changed his findings to "completely disabled to perform physical labor." Therefore, the ALJ could determine that Dr. Mir's opinions supported a finding that Plaintiff could perform sedentary work. Also, the ALJ discounted Plaintiff's credibility because even though he entered detox several times, he expressed a desire to continue to "drink socially" and wanted to cut back on smoking, but not stop completely.[51] Therefore, the ALJ had sufficient evidence to find that the Plaintiff was not disabled within the meaning of the Social Security Act.[52]

**V.  Conclusion**

After careful consideration of the record as a whole, the ALJ's decision was supported by substantial evidence and is AFFIRMED.

IT IS SO ORDERED this 30th day of March, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[51] Tr. 19.

[52] *Id.*